UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-cv-75-DJH

KENTUCKY EMPLOYEES RETIREMENT SYSTEM and
BOARD OF TRUSTEES OF THE KENTUCKY RETIREMENT SYSTEMS,   Appellants,

v.   **MEMORANDUM OPINION AND ORDER**

SEVEN COUNTIES SERVICES, INC.,   Debtor.

\* \* \* \* \*

Appellants Kentucky Employees Retirement System and the Board of Trustees of the Kentucky Retirement Systems (collectively KERS or Appellants) ask the Court to stay the January 6, 2015 orders of the Bankruptcy Court for the Western District of Kentucky confirming Appellee Seven Counties Services, Inc.'s Chapter 11 Plan of Reorganization.  Appellants argue that the reorganization plan should not be allowed to go into effect until the Court has resolved their appeals of the confirmation orders and the bankruptcy court's May 30, 2014 opinion.[1] Because Appellants failed to show that they are likely to prevail on the merits of their appeals or to suffer irreparable harm if a stay is not granted, the motion to stay will be denied.

**I.     BACKGROUND**

The bankruptcy court outlined the factual and procedural background of the Seven Counties bankruptcy in its comprehensive May 30 opinion; for present purposes, a brief procedural history will suffice.  Three appeals involving KERS and Seven Counties are currently before the Court: the present appeal of the confirmation orders, KERS's appeal of the May 30 opinion, and Seven Counties' cross-appeal of the May 30 opinion.

---

[1] If the confirmation orders are not stayed, Seven Counties' reorganization plan will become effective February 5, 2015.

1

In the May 30 opinion, which was issued following a seven-day trial of the competing adversary proceedings filed by Seven Counties and Appellants, the bankruptcy court concluded (1) that Seven Counties is not a "governmental unit" and therefore is a "person" qualifying for relief under Chapter 11 of the Bankruptcy Code; (2) that Appellants were not entitled to a permanent injunction requiring Seven Counties to continue making contributions to the retirement system; and (3) that the relationship between KERS and Seven Counties is contractual and that the contract is executory, meaning that Seven Counties may reject it under 11 U.S.C. § 365. *In re Seven Counties Servs., Inc.*, 511 B.R. 431, 437 (Bankr. W.D. Ky. 2014).

Appellants moved to stay the May 30 opinion pending their appeal of it; the bankruptcy court denied the requested stay after making oral findings of fact and conclusions of law. Docket No. 6-4; *see* Docket No. 6-5 at 76-88. They also sought a direct appeal to the Sixth Circuit, which denied their petition. *See* Docket No. 6-15. Appellants then petitioned the Sixth Circuit for a writ of prohibition preventing the bankruptcy court from holding a confirmation hearing on Seven Counties' proposed reorganization plan. The Sixth Circuit denied that petition as well, finding that Appellants could obtain adequate relief by appealing the confirmation orders. *See* Docket No. 6-18 at 3.

Finally, after the confirmation orders were entered, KERS made the same motion before the bankruptcy court that it now makes to this Court: to stay those orders pending resolution of the various appeals. After oral argument on the motion, the bankruptcy court declined to stay the confirmation orders, incorporating its previous ruling with respect to the May 30 opinion and finding that KERS was unlikely to prevail on its appeal of the confirmation orders. Docket No. 6-21; *see* Docket No. 9-1 at 59-67.

KERS next made the present motion. Seven Counties filed a response in opposition, and on February 2, 2015, the Court heard oral argument. The motion is now ripe for decision.

## II.  STANDARD OF REVIEW

The parties disagree as to the proper standard of review. KERS presents its motion as though the Court will consider it de novo. However, KERS previously sought the same relief in bankruptcy court, and Seven Counties cites ample case law indicating that in such a situation, the district court should simply review the bankruptcy court's ruling for abuse of discretion, considering legal issues de novo and reviewing factual findings for clear error. *See In re Akron Thermal, LP*, 414 B.R. 193, 202 (N.D. Ohio 2009) (collecting cases). Under either standard, KERS's motion fails.

## III.  ANALYSIS

In the Sixth Circuit, a motion for stay pending appeal is analyzed under essentially the same test as a motion for preliminary injunction. That balancing test consists of four factors:

(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal;
(2) the likelihood that the moving party will be irreparably harmed absent a stay;
(3) the prospect that others will be harmed if the court grants the stay; and
(4) the public interest in granting the stay.

*Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

The first and second factors of the *Griepentrog* test work together: "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the moving party] will suffer absent the stay. Simply stated, more of one excuses less of the other." *Id.* At a minimum, however, the moving party must show that there are "'serious questions going to the merits and irreparable harm which decidedly out-weighs any potential

harm to the [non-moving party].'" *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987). Here, Appellants do not make a strong showing on either of the first two *Griepentrog* factors.

### A. Likelihood of success on the merits

Although they appealed several issues, Appellants have only addressed their likelihood of success with respect to the executory-contract issue. *See* Docket No. 5 at 15-17. They strenuously oppose the bankruptcy court's conclusion that Seven Counties' obligations to KERS are contractual in nature, asserting that "well-established Kentucky law holds that a contract cannot exist with a governmental entity, such as KERS, in direct violation of statutes." *Id.* at 16. This argument is unpersuasive for several reasons.

The single case KERS cites as evidence of Kentucky's "well-established" law on this point, *Kentucky v. Whitworth*, 74 S.W.3d 695 (Ky. 2002), is easily distinguishable. *Whitworth* was a class action by employees of the Department of Parks who alleged that they had oral contracts with the Department for employment eleven months out of the year. *See id.* at 697. This raised issues of sovereign immunity, as the state cannot be sued unless it has specifically and explicitly waived its immunity. *Id.* at 699. In addressing the sovereign-immunity question, the Kentucky Supreme Court noted that even if the plaintiffs could present documents purporting to ratify the alleged oral contracts, those documents could not be construed as written employment contracts because the Commissioner of Parks had no authority to hire employees beyond the powers he was granted by statute. *See id.* The court went on to explain that the employees could have had no expectation of employment beyond what was permitted by statute, observing that "'anyone who deals or contracts with public officials or with public bodies must at his own peril take notice of their authority since they can only act within the limits of express

or necessarily implied powers conferred upon them by law.'" *Id.* (quoting *Clark Cnty. Constr. Co. v. State Highway Comm'n*, 58 S.W.2d 388, 390 (Ky. 1933)).

Aside from the obvious factual discrepancies between the two cases, Appellants' reliance on *Whitworth* is undermined by their failure to acknowledge the bankruptcy court's description of the contract it found existed between Seven Counties and KERS. Appellants assert that KRS §§ 61.510 and 61.520 "only permit participation in KERS by the issuance of an executive order by the Governor. Thus, any contract for participation would be void."[2] Docket No. 5 at 16-17. However, those statutes were found by the bankruptcy court to be part of the terms and conditions of the parties' contract. *See In re Seven Counties Servs.*, 511 B.R. at 477 ("Voluminous and detailed arrangements regarding the contributions to be made by the Debtor and the pension management services to be provided by KERS existed, and still exist, in the Kentucky Statutes and Regulations governing the System."). The bankruptcy court did not find that KERS and Seven Counties had a contract outside of the statutory framework; rather, it concluded that they had formed a contract that was governed by those statutes.

In sum, Appellants have not shown that they are likely to prevail on the merits of their appeal with respect to the executory-contract issue, and they have not even attempted to show a likelihood of success on any other issue. The first *Griepentrog* factor weighs against a stay.

---

[2] It is notable that Appellants have not identified any statute which expressly prohibits a contractual relationship between KERS and a participating employer. Moreover, KRS § 61.510(23), which defines the term "parted employer," appears to contemplate the termination of an employer's participation in the retirement system as a result of contractual arrangements. Although the parties agree that § 61.510(23) does not apply in this case, the Court finds its language noteworthy in light of Appellants' position that participation in KERS cannot be contingent on a contract of any sort.

### B.        Likelihood of irreparable harm to Appellants if stay is not granted

Appellants also fail to show that they are likely to suffer irreparable harm in the absence of a stay.  The Sixth Circuit has identified three factors for consideration in evaluating irreparable harm: "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." *Griepentrog*, 945 F.2d at 154.  "In addition, the harm alleged must be both certain and immediate, rather than speculative or theoretical." *Id.*

Under *Griepentrog*, mere monetary loss is not an irreparable injury. *Id.*  So Appellants argue instead that the risk they face is of losing their right to a meaningful appeal if the stay is denied.  They contend that after February 5, Seven Counties will pay approximately $262,000 to unsecured creditors and may then seek dismissal of the appeals on the grounds that the reorganization plan has been substantially consummated and that the appeals are therefore equitably moot.  *See* Docket No. 5 at 17-18.  The sole basis for this contention is that Seven Counties' counsel once made an (unsuccessful) equitable-mootness argument in an unrelated case in Indiana.  *See id.* at 17 (citing *In re KMC Real Estate Investors, LLC*, 518 B.R. 505 (S.D. Ind. 2014)).  If Seven Counties made the same argument here and succeeded, Appellants assert, they would effectively lose their right of appeal.  They point to non-Sixth Circuit precedent stating that the loss of appellate rights is "'per se irreparable harm.'"  *Id.* at 18 (quoting *CWCapital Asset Mgmt., LLC v. Burcam Capital II, LLC*, No. 5:13-CV-278-F, 2013 U.S. Dist. LEXIS 91488, at *23 (E.D.N.C. June 28, 2013)).

Yet Appellants admit that they "do not believe equitable mootness can apply to this case." *Id.* at 17-18.  At oral argument, counsel for Seven Counties agreed that equitable mootness would not apply and stated that Seven Counties did not intend to seek dismissal on this

ground. While the loss of appellate rights could be a substantial injury, Appellants have failed to show that it is likely to occur here.

In any event, their argument on this point has already been rejected by the Sixth Circuit. When Appellants sought a writ of prohibition to prevent the bankruptcy court from confirming Seven Counties' reorganization plan, they relied on *In re Syncora*, 757 F.3d 511 (6th Cir. 2014). Specifically, they cited the *Syncora* court's statement that emergency relief is appropriate "'when a party is *in danger* of harm that cannot be adequately corrected on appeal and has no other adequate means of relief.'" *Id.* at 516 (emphasis in original) (quoting *In re Life Investors Ins. Co. of Am.*, 589 F.3d 319, 323 (6th Cir. 2009)). But the Sixth Circuit distinguished *Syncora*—which arose out of the Detroit bankruptcy proceedings—and noted that the Seven Counties bankruptcy was "relatively simple." Docket No. 6-18 at 3. It concluded that the executory-contract issue could be adequately addressed on appeal of the confirmation orders. *See id.*

In short, the only possible harm identified by Appellants—the potential loss of meaningful appellate rights—is highly "speculative and theoretical." *Griepentrog*, 945 F.2d at 154. Without a showing of "certain and immediate" harm, emergency relief is unnecessary. *Id.*

### C. Prospect of harm to others

Although Appellants maintain that Seven Counties and others would not be harmed by a stay, Seven Counties presented evidence that it and its creditors would suffer if the stay were granted. Seven Counties asserts that it has had difficulty finding and retaining quality employees and obtaining necessary credit as a result of the ongoing bankruptcy proceedings; it argues that it would be further harmed if its bankruptcy were prolonged. *See* Docket No. 13 at 25-26. Seven Counties also maintains that its creditors would be harmed by a stay because they would have to wait longer to be paid. *See id.* While Appellants argue that such concerns are overblown, the

harms identified by Seven Counties are not outweighed by Appellants' virtually nonexistent risk of losing their appellate rights. *See Ohio ex rel. Celebrezze*, 812 F.2d at 290.

### D.    Public interest in granting the stay

Appellants failed to establish that the public interest would be served by a stay. They identify broad public interests "in having the statutes enacted by the Kentucky General Assembly and executive orders of the Governor accorded the appropriate and intended legal effect, and in having the constitutional rights of KERS and the Board . . . to have appeals of such significant issues heard by an Article III court [sic]." Docket No. 5 at 20. They also cite a general "public interest in correcting legal errors in the bankruptcy court" and the danger that "[a]ny denial of appellate rights with respect to this case involving matters of public importance will taint public perception of the validity of the proceedings." *Id.* As discussed above, however, Appellants have not shown that they are in danger of losing their appellate rights or that they are likely to prevail on their appeals. Moreover, as Seven Counties and the bankruptcy court observed, there is a significant public interest in Seven Counties continuing to provide services to the more than 30,000 individuals with disabilities in its care—an interest better served by allowing Seven Counties to exit bankruptcy.

### IV.    CONCLUSION

Appellants have not shown that a stay is warranted. Although they disagree with the bankruptcy court's May 30 decision, their arguments fall short of establishing a "likelihood of reversal." *Griepentrog*, 945 F.2d at 153. Nor have they shown that they are likely to suffer irreparable harm in the absence of a stay or that any real public interest would be served by the requested stay. *See id.* By contrast, there is evidence that Seven Counties, its creditors, and the population it serves will suffer if it is not allowed to proceed with the reorganization plan. The

balance of the *Griepentrog* factors thus dictates that a stay pending appeal is not warranted here, and the bankruptcy court did not abuse its discretion in so finding. Accordingly, it is hereby

**ORDERED** that the Emergency Motion of Appellants for Stay Pending Appeals (Docket No. 5) is **DENIED**.

February 4, 2015

                                              **David J. Hale, Judge**
                                      **United States District Court**